# Exhibit

## A

Date of Filing:

                                                    Plaintiff designates
                                                    Orange County
                                                      as the place of trial.

                                                    The basis of venue is the
                                                    Plaintiff's residence address.

                                                    Newburgh NY 12250.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
MARYANN COTTO-COLON,

                            Plaintiff,                  **SUMMONS**

   -against-                                                 **INDEX #.:**

WAL-MART REAL ESTATE and
WALMART SUPERCENTER,

                            Defendants.
-----------------------------------------------------------------X
To the above-named defendant(s):

      YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                                    **SOBO & SOBO, LLP**

                                                    _/s/ June C.M. Colthirst_

                                                    June C.M. Colthirst, Esq.
                                                    Attorneys for Plaintiff
                                                    One Dolson Avenue
                                                    Middletown, NY 10940
                                                    (845) 343-7626

Dated: July 29, 2020
        Middletown, New York
Defendants' addresses: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------X
MARYANN COTTO-COLON,

                     Plaintiff,                    **VERIFIED COMPLAINT**

   -against-

                                                                   Index No.:

WAL-MART REAL ESTATE and
WALMART SUPERCENTER

                    Defendants.
---------------------------------------------------------------X

      Plaintiff, MARYANN COTTO-COLON, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

      1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

      2. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

      3. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was and still is a foreign corporation duly authorized to do business within the State of New York.

      4. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was a still is a business entity doing business within the State of New York.

      5. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was the owner of a certain premises located at

1201 NY-300, Newburgh, County of Orange, State of New York, known as "WALMART SUPERCENTER."

6. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, maintained the aforesaid premises.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, managed the aforesaid premises.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, controlled the aforesaid premises.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, operated the aforesaid premises.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was the lessee of the aforesaid premises.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was the lessor of the aforesaid premises.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was the owner of certain parking lot premises located at 1201 NY-300, Newburgh, County of ORANGE, State of New York, known as WALMART SUPERCENTER."

13. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, maintained the aforesaid parking lot premises.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, managed the aforesaid parking lot premises.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, controlled the aforesaid parking lot premises.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, operated the aforesaid parking lot premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was the lessee of the aforesaid parking lot premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART REAL ESTATE, was the lessor of the aforesaid parking lot premises.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was and still is a foreign corporation duly authorized to do business within the State of New York.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was and still is a business entity doing business within the State of New York.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was the owner of a certain premises located at 1201 NY-300, Newburgh, County of Orange State of New York, known as WALMART SUPERCENTER.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, maintained the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, managed the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, controlled the aforesaid premises.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, operated the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was the lessee of the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was the lessor of the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was the owner of a certain parking lot on the premises located at 1201 NY-300, Newburgh, County of Orange, State of New York, known as WALMART SUPERCENTER.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, maintained the aforesaid parking lot premises.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, managed the aforesaid parking lot premises.

32. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, controlled the aforesaid parking lot premises.

33. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, operated the aforesaid parking lot premises.

34. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was the lessee of the aforesaid parking lot premises.

35. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, was the lessor of the aforesaid parking lot premises.

36. That at all times hereinafter mentioned, parking lot, located on the aforesaid premises was the situs of the within accident.

37. That on or about the 11th day of July, 2019, while this plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

38. The negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

39. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; the defendants, their agents, servants and/or employees were negligent and reckless in not monitoring, maintaining and cleaning up spills on their premises; in acting with reckless disregard for the safety of others, and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

40. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

41. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

42. That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

43. That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: July 29, 2020
Middletown, New York

June C.M. Colthirst, Esq.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845) 343-7626

TO: WALMART REAL ESTATE
*Secretary of State*

WALMART SUPER CENTER
*Secretary of State*

## VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE          ss:

MaryAnn Cotto-Colon, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
MaryAnn Cotto-Colon

Sworn to before me on this
30th day of July, 2020

_____
NOTARY PUBLIC VANESSA R. FRETS
Notary Public, State of New York
Reg. No: 01FR5069928
Qualified in Dutchess County
Commission Expires 02/24/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

MARYANN COTTO-COLON,

                Plaintiff,

    -against-

WAL-MART REAL ESTATE and WALMART SUPERCENTER,

                Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING**

---

**SOBO & SOBO, L.L.P.**
**Attorneys for Plaintiff**
**One Dolson Avenue**
**Middletown, New York 10940**
**(845) 343-7626**

WM 20-413 AB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
MARYANN COTTO-COLON,

            Plaintiff,

-against-

WAL-MART STORES EAST, LP,

           Defendant.
-----------------------------------------------------------------X

Index No.: EF004275/2020

**VERIFIED ANSWER**

        The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

        1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

        2: Defendant denies the allegations set forth in paragraph marked "2" and each and every part thereof.

        3: Defendant denies the allegations set forth in paragraph marked "3" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

        4: Defendant denies the allegations set forth in paragraph marked "4" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

        5: Defendant denies the allegations set forth in paragraph marked "5" and each and every part thereof.

6: Defendant denies the allegation set forth in paragraphs marked "6", "7" and "8" and refers all questions of law to the trial court.

7: Defendant denies the allegations set forth in paragraphs marked "9" and "10" except admits that WAL-MART STORES EAST, LP is the operator of the Newburgh Walmart store.

8: Defendant denies the allegations set forth in paragraphs marked "11" and "12" and each and every part thereof.

9: Defendant denies the allegation set forth in paragraphs marked "13", "14", "15" and "16" and refers all questions of law to the trial court.

10: Defendant denies the allegations set forth in paragraph marked "17" except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Newburgh Walmart store.

11: Defendant denies the allegations set forth in paragraphs marked "18" and "19" and each and every part thereof.

12: Defendant denies the allegations set forth in paragraph marked "20" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

13: Defendant denies the allegations set forth in paragraph marked "21" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

14: Defendant denies the allegations set forth in paragraph marked "22" and each and every part thereof.

15: Defendant denies the allegation set forth in paragraphs marked "23", "24" and "25" and refers all questions of law to the trial court.

16: Defendant denies the allegations set forth in paragraph marked "26" except admits that WAL-MART STORES EAST, LP is the operator of the Newburgh Walmart store.

17: Defendant denies the allegations set forth in paragraph marked "27" except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Newburgh Walmart store.

18: Defendant denies the allegations set forth in paragraphs marked "28" and "29" and each and every part thereof.

19: Defendant denies the allegation set forth in paragraphs marked "30", "31", "32" and "33" and refers all questions of law to the trial court.

20: Defendant denies the allegations set forth in paragraphs marked "34" and "35" and each and every part thereof.

21: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "36" and "37" and each and every part thereof.

22: Defendant denies the allegations set forth in paragraphs marked "38", "39" and "40" and each and every part thereof.

23: Defendant denies the allegation set forth in paragraph marked "41" and refers all questions of law to the trial court.

24: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "42" and "43" and each and every part thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
      October 05, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 20-413 AB

TO: SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-7626

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      October 05, 2020

 

                                PATRICIA A. O'CONNOR